**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5070-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FRANCISCO OROPENZA-LIMA,

    Defendant-Appellant.

_____

        Submitted May 22, 2018 — Decided June 22, 2018

        Before Judges Fasciale and Moynihan.

        On appeal from Superior Court of New Jersey,
        Law Division, Bergen County, Indictment No.
        15-05-0644.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (William Welaj, Designated
        Counsel, on the brief).

        Dennis Calo, Acting Bergen County Prosecutor,
        attorney for respondent (Jenny X. Zhang,
        Special Deputy Attorney General/Acting
        Assistant Prosecutor, of counsel and on the
        brief).

PER CURIAM

Defendant Francisco Oropenza-Lima appeals from the denial of his post-conviction relief (PCR) petition without an evidentiary hearing, arguing:

> POINT I
>
> THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE WAS ENTITLED TO WITHDRAW HIS GUILTY PLEA ON THE BASIS HE HAD FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL REGARDING THE DEPORTATION CONSEQUENCES ARISING OUT OF HIS GUILTY PLEA, RESULTING IN A GUILTY PLEA WHICH HAD NOT BEEN FREELY, KNOWINGLY AND VOLUNTARILY ENTERED.

We disagree and affirm.

Absent an evidentiary hearing, our review of the factual inferences drawn by the PCR court from the record is de novo. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016). Likewise, we review de novo the PCR court's legal conclusions. Ibid.

To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), first by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S.

at 687); then by proving he suffered prejudice due to counsel's deficient performance, Strickland, 466 U.S. at 687, 691-92. Defendant must show by a "reasonable probability" that the deficient performance affected the outcome. Fritz, 105 N.J. at 58.

The array of inadequate attorney advice asserted by defendant is varied. In his PCR petition he maintained "my attorney said I would not be deported." In his amended PCR petition he claimed his attorney advised him "because he had been in this country for such a long period of time (over ten years) and had two children here," his term of incarceration would be no more than approximately one year and that "he would not be deported." Defendant's supplemental certification echoes those contentions and adds that his counsel told him after he served his prison term, he could hire an immigration attorney "to manage [his] case and achieve this result."

We determine, based on our review of the record, the trial judge correctly denied an evidentiary hearing because defendant did not establish a prima facie case in support of his PCR application by demonstrating "the reasonable likelihood of succeeding" under the Strickland test. State v. Preciose, 129 N.J. 451, 462-63 (1992); R. 3:22-10(b). Judge James J. Guida found defendant was properly advised of the penal and immigration consequences of his plea as required by Padilla v. Kentucky, 559

U.S. 356 (2010).[1]  As such, defendant failed to make a prima facie

showing of success under Strickland.

After the PCR hearing, Judge Guida — who also presided over

defendant's plea hearing and sentencing — found that

> both in the plea allocution and in the written plea form, which is in Spanish and which [as to] the defendant had the benefit of translation, clearly reflects that he would be serving a [six]-year term at sentence, and that . . . for [thirty] months of that term . . . he would be ineligible for parole.
>
> So [defendant] knew on the date of the plea both orally from the [c]ourt, in writing in the Spanish-[language] form plea agreement, and through the interpreter that he would serve a minimum of [thirty] months . . . before he would be eligible for parole.

Judge Guida also noted that in question seventeen of the plea

form — posed in English and Spanish — defendant answered that he

was not a United States citizen and knew he would be deported as

a result of the plea agreement; the judge highlighted that "will

be deported" was handwritten next to defendant's answers and

observed defendant "had the benefit of a Spanish[-]language

---

[1] "The weight of prevailing professional norms supports the view that counsel must advise [a] client regarding the risk of deportation."  Padilla, 559 U.S. at 367.  "To provide effective assistance of counsel, post-Padilla, a defense attorney is required to address, in some manner, the risk of immigration consequences of a non-citizen defendant's guilty plea."  Blake, 444 N.J. Super. at 295.  "The failure to do so constitutes 'deficient performance of counsel.'"  Id. at 296 (quoting State v. Gaitan, 209 N.J. 339, 380 (2012)).

A-5070-16T4

translator" when he completed the plea form. The judge further found that the record reflected his advice to defendant during the plea colloquy that he would be deported and defendant's sworn response that, notwithstanding that fact, he knowingly and voluntarily accepted the plea agreement. And without any protest from defendant who had the opportunity to address the trial court at sentencing, defendant's counsel requested a lenient state prison sentence because defendant was going to be deported.

The record fully supports Judge Guida's findings. During the plea hearing, defendant admitted he spoke with an immigration attorney. The judge, after advising him of the second-degree range plea offer, pointedly told defendant "the consequences are that you will be deported after you serve your sentence"; defendant said he understood those consequences.

Defendant's averment that his counsel advised he would not be deported and would serve only a year or so before an immigration attorney could help him avoid deportation, and his explanation that he followed counsel's advice to agree with any question posed during the plea process even if the answer was false, are contradicted by his written and sworn oral responses during the plea process, and counsel's plea for a lenient sentence based on defendant's deportation. These bare assertions, belied throughout the record of proceedings, are "insufficient to support a prima

facie case of ineffectiveness." State v. Cummings, 321 N.J. Super. 154, 171 (App. Div. 1999); see also Blake, 444 N.J. Super. at 299. An evidentiary hearing — not a proper vehicle to explore PCR claims — was not warranted. See State v. Marshall, 148 N.J. 89, 157-58 (1997).

We also agree with Judge Guida that defendant failed to meet the second Strickland prong by failing to establish — assuming counsel misadvised him of his immigration consequences — that there was a reasonable probability that, but for counsel's errors, he would have rejected the plea offer and gone to trial. State v. DiFrisco, 137 N.J. 434, 528 (1994). Defendant, who was found with over five ounces of cocaine in his car, faced a ten- to twenty-year state prison sentence on the first-degree possession with intent to distribute a controlled dangerous substance (CDS) charge, N.J.S.A. 2C:35-5(a)(1), -5(b)(1), in count one of the indictment. N.J.S.A. 2C:43-6(a)(1). He faced a mandatory parole ineligibility term of one-third to one-half of the sentence imposed. N.J.S.A. 2C:35-5(b)(1).

Defendant was also indicted for second-degree possession of a weapon during the commission of a CDS-related offense, N.J.S.A. 2C:39-4.1(a) (count two); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count three); third-degree receiving stolen property, N.J.S.A. 2C:20-7(a) (count four); third-degree

possession of CDS, N.J.S.A. 2C:35-10(a)(1) (count five); and fourth-degree possession of drug paraphernalia with the intent to distribute, N.J.S.A. 2C:36-3 (count six). He could have been sentenced to a consecutive term on the weapons offenses. We therefore affirm the judge's determination that defendant failed to establish that, but for counsel's assumed error, he would not have pleaded guilty to a deal that netted a six-year sentence with thirty months of parole ineligibility. State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014) (holding a defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances" (quoting Padilla, 559 U.S. at 372)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION